PER CURIAM.
This disciplinary proceeding against Watkins van Sharman is before us on the uncontested report of the referee. The referee recommends that respondent be disbarred for three years and be required to pay restitution and costs of these proceedings prior to seeking readmission to the practice of law in the State of Florida. We have jurisdiction, article V, section 15, Florida Constitution, and approve the referee’s report.
The parties entered into a guilty plea for consent judgment, the terms of which are consistent with the referee’s report. The operative portions of the plea read as follows:
Between 1983 and 1985, the respondent acted as the attorney and personal representative for the estates of Rose Pilz and Ray P. Rogala. Other than the respondent’s representation, the Pilz and Rogala estates are unrelated. On or about August 30, 1983, the Rogala Estate account at the United Bank of Pinel-las, account number 11006978 had a balance of $3,566.18. On or about August 30, 1983, the respondent issued Check No. 173 on Account No. 11006978 of the United Bank of Pinellas, in the amount of $10,000.00, to Paul Ritsema, sole beneficiary of the Rogala Estate, as partial distribution. On or about August 30, 1983, the respondent transferred $10,-000.00 by Check No. 164, from the Pilz estate account at Ellis National Bank, account no. 4028525 to the Rogala estate account at United Bank of Pinellas, account number 11006978, due to the fact that said account balance was insufficient to cover check No. 173 for $10,-000.00 written to Paul Ritsema as partial *1237 distribution. On or about October 31, 1985, the Rogala estate reimbursed the Pilz estate the $10,000.00 sum placed in its account at United Bank of Pinellas on August 30, 1983 to cover Check No. 173. On or about November 14, 1985, Circuit Judge ... ordered the respondent to pay the Pilz estate $16,431.00 as a refund for excessive attorneys fees charged by the respondent. Between January 1, 1980 and November 4, 1985, the respondent maintained a trust account at Ellis National Bank (presently known as NCNB), account No. 204-184-7. Between January 1, 1980, and November 4, 1985, the respondent maintained an additional trust account and a real estate trust account. On or about November 8, 1985, Pedro J. Pizarro, Branch Staff Auditor for The Florida Bar, went to respondent’s office to examine the respondent’s trust account records, but was informed that the records were not available at that time. On or about November 15, 1985, the records for the Ellis National Bank account No. 204-184-7 were delivered to Mr. Pizarro. The records for the additional trust account and the real estate trust account were never produced. No trust account reconciliations were available for the audited period. The client’s ledger cards for the audited period were not clear and required extensive reconstruction as a result thereof. Reconciliations reconstructed by The Florida Bar Auditor, Pedro J. Pizarro, reflected that the respondent kept personal funds in the trust account No.' 204-184-7 at Ellis National Bank averaging $234.00. The audit reflected additionally that the respondent’s trust account number 204-184-7 at Ellis National Bank had shortages of funds averaging $152.82 during the months of May 1980, and February 1985, and March 1985.
The guilty plea is to the following violations: Florida Bar Integration Rule, article XI, Rule 11.02(4) (trust funds for purposes other than the specific purpose entrusted); DR 9-102(A) (commingling of lawyers funds in trust account); Integration Rule 11.02(4)(b) and Bylaws Section 11.02(4)(c) 2.f (2.d before June 30, 1984) (client ledger cards did not contain clear and express accounting of all trust receipts and disbursements); Bylaws Section 11.02(4)(c)(3). (4.a before June 30, 1984) (failure to preserve all trust account reconciliations); and DR 2-106(A) (a lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee).
We approve the referee’s recommendation that respondent be disbarred for three years and be required to pay restitution and costs of these proceedings prior to seeking readmission to The Florida Bar. Respondent is disbarred effective May 4, 1987, thereby giving respondent thirty days to take the necessary steps to protect his current clients. Respondent shall accept no new clients from the date of this opinion until the expiration of his disbarment.
Judgment for costs in the amount of $2,857.26 is hereby entered against respondent, for which sum let execution issue. It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.